## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JANICE A. AGAN,

       Plaintiff,

v.                                                   CASE NO. 8:20-cv-807-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

       Defendant.

_____

### O R D E R

The plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits.[1]   Because the decision of the Commissioner of Social Security is supported by substantial evidence, and the plaintiff does not identify reversible error, the decision will be affirmed.

### I.

The plaintiff, who was sixty years old on the date of the administrative hearing and who has a high school diploma, has worked as a cosmetologist (Tr. 72, 103, 124).   She filed a claim for Social Security disability benefits, alleging that she became disabled due to lupus,

---

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

polyneuropathy, fibromyalgia, anxiety and depression (Tr. 124–25).  The plaintiff's claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff has severe impairments of "Diffuse Connective Tissue Disease and Lumbar Degenerative Disc Disease" (Tr. 67).  The law judge found further that the plaintiff has medically determinable impairments of depression and anxiety, but that they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" (<u>id</u>.).

The law judge concluded with those impairments the plaintiff had the residual functional capacity

> to perform light work as defined in 20 CFR 404.1567(b) except with the following limitations: The claimant can lift and/or carry 20-pounds occasionally and 10-pounds frequently; stand and/or walk 6-hours in an 8-hour workday, and sit for 6-hours in an 8-hour workday; occasionally climb ladders, ropes and scaffolds; and frequently stoop, crouch, and crawl.

(Tr. 69).

The law judge determined, based on the testimony of a vocational expert, that the plaintiff's residual functional capacity did not

2

preclude her from performing past relevant work as a cosmetologist (Tr. 72). Consequently, the law judge found that the plaintiff was not disabled (Tr. 73). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner of Social Security.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

3

made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole contention is that "[t]he Commissioner erred by failing to fully and adequately develop and evaluate the medical record, especially in regard to the plaintiff's mental health" (Doc. 18, p. 6). The only contention she develops within this broad-titled argument is that the law judge erred by not ordering a consultative psychological evaluation (id., pp. 8–9).[2]

The law judge found that the plaintiff has "medically determinable mental impairments of Depression and Anxiety," but that they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" (Tr. 67). The plaintiff argues that a consultative psychological evaluation is required because the law judge lacked sufficient medical evidence to make this determination (Doc. 18, pp. 8–9). The Commissioner responds, persuasively, that "the record of evidence was sufficiently developed to

---

[2]All other arguments are forfeited in accordance with the Scheduling Order and Memorandum Requirements, which required the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 17, p. 2); see also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855, 859 n.1 (11th Cir. 2013), quoting Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

allow the ALJ to make an informed decision about Plaintiff's condition" (Doc. 19, p. 4).

The administrative law judge has a basic obligation to develop a full and fair record, regardless of whether the applicant is represented by counsel. <u>Cowart</u> v. <u>Schweiker</u>, 662 F.2d 731, 735 (11th Cir. 1981). However, the law judge "is not required to order a consultative examination ... [when] the record contains sufficient evidence for the administrative law judge to make an informed decision." <u>Ingram</u> v. <u>Commissioner of Social Sec. Admin.</u>, 496 F.3d 1253, 1269 (11th Cir. 2007); <u>see also</u> 20 C.F.R. 404.1519a(b).

In finding that the plaintiff's mental impairments were non-severe, the law judge had sufficient evidence of the plaintiff's abilities in the four broad areas of mental functioning identified in the disability regulations, which are referred to as the paragraph B criteria (Tr. 67). Thus, the law judge explained (Tr. 67–68):

> The first functional area is understanding, remembering or applying information. In this area, the claimant has a mild limitation. For example, the claimant does not need any special reminders to take care of personal needs and grooming, or to take her medications (6E/3). The claimant does not require reminders to go places (6E/5). The claimant's recall was 3/3 with Dr. Owi during the psychological mini exam (8F/6).

6

The next functional area is interacting with others. In this area, the claimant has a mild limitation. For example, the claimant goes out shopping, independently, a couple of times a week in stores for groceries, clothes and gift shopping (6E/4). She also acknowledges spending time with others, several times a week, and encouraging others, such as her mom, sister, son, daughter-in-law, and grandchildren (6E/5).

The third functional area is concentrating, persisting, or maintaining pace. In this area, the claimant has a mild limitation. For example, the claimant is able to pay bills, count change, handle a savings account, and use a checkbook and money orders (6E/4). Dr. Owi remarked that the claimant's judgment and insight are good (8F/6).

The fourth functional area is adapting or managing oneself. In this area, the claimant has a mild limitation. For example, the claimant is able to drive a car independently, and she goes out alone (6E/4).

The law judge concluded that, because the plaintiff's "medically determinable mental impairments cause no more thana 'mild' limitation in any of the functional areas, they are nonsevere (20 C.F.R. 404.1520a(d)(1))." The Eleventh Circuit has recognized that a mental impairment generally is considered non-severe under step two if the degree of limitation in each of the paragraph B criteria is rated as "none" or "mild." See Stone v. Commissioner of Social Security, 586 Fed. Appx. 505, 512

(11th Cir. 2014); <u>Cuthbert</u> v. <u>Astrue</u>, 303 Fed. Appx. 697, 699 (11th Cir.

2008).

Furthermore, the law judge addressed in the decision the

plaintiff's request for a consultative psychological evaluation (Tr. 68):

> The claimant's representative requested [at the
> hearing] a consultative examination regarding the
> claimant's alleged mental allegations.    The
> undersigned denied this request, as the medical
> evidence more than adequately contains multiple
> mental status examinations and considerations of
> her psychiatric condition. For example, December
> 2016 psychiatric findings included her overall
> orientation to person, place, and time, and her
> normal mood and affect (3F/4).
>
> As for the psychological opinions, State agency
> psychological consultant, Dr. Lee Reback, PsyD,
> at  the  Initial  determination,  reviewed  the
> claimant's statements, activities of daily living,
> and medical evidence of record, then opined that
> the claimant's alleged mental impairments are
> non-severe  (1A/6).     Another  State  agency
> psychological consultant, Dr. Heather Hernandez,
> PhD,  at  the  Reconsideration,  affirmed  Dr.
> Reback's earlier opinion, based on updated
> evidence and allegations (6A). I found these
> opinions highly persuasive, as they are consistent
> with the medical records and the claimant's
> vigorous daily living activities.

The law judge also noted that the plaintiff's subjective

complaints focused on her physical ailments, specifying that "[t]he claimant

stated, in her pre-hearing function report, that she had settled in her mind

that she has to stop working. She based this belief on alleged burning pain and numbness in her feet, hip and hands" (Tr. 69). The plaintiff similarly stated during the hearing that, but for her physical pain and fatigue, she could work more hours (Tr. 104).

The law judge's explanation for finding that the plaintiff's mental impairments are non-severe is adequate and supported by substantial evidence. See Richardson v. Perales, supra, 402 U.S. at 401 (Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

As the law judge stated, the medical records contain several mental status evaluations, all of which were unremarkable. See 20 C.F.R. 404.1529(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of symptoms and the effect those symptoms ... may have on [a plaintiff's] ability to work). For example, in 2016, the plaintiff's treating providers at the LoCicero Medical Group consistently reported that the plaintiff was in no acute distress and was "oriented to person, place and time"; in fact, the plaintiff denied being depressed at several of those visits (see, e.g., Tr. 362,

366, 370, 371, 374, 375,  376, 379, 383).[3]   Additionally, ARNP Maribeth Allen noted in December 2016 the plaintiff had a "normal mood and affect" and that the plaintiff had reported her anxiety was controlled with Xanax (Tr. 360, 362).

The record also contains more detailed mental status examinations.  Thus, Dr. Rebecca Lynn Hurst, a neurologist, observed that the plaintiff was "alert and oriented, [had] fluent speech, [was] able to provide a clear history of recent and remote events, [and had a] good fund of knowledge" (Tr. 483).  Jerrica Farias, APRN, found that the plaintiff was "alert and oriented x4 with intact recent memory, intact attention, intact concentration, intact language function, and a normal fund of knowledge regarding current events" (Tr. 518).  Further, consultative physician Dr. Eniola Owi documented that the plaintiff's "judgement and insight [were] good, mood/affect full range, speech clear.  Able to do serial 7 subtractions. Recall 3/3" (Tr. 431).

Moreover, non-examining reviewing psychologists Lee Reback and Heather J. Hernandez opined that the plaintiff's mental

---

[3]The plaintiff also denied experiencing depression several times after the law judge issued his decision in April 2019 (Tr. 16, 22, 28) and Dr. Priya Ramani observed in May 2019 that the plaintiff was "pleasant [and] cooperative," "alert & oriented to person, time and place" and had "[g]ood interaction and comprehension" (Tr. 58).

impairments were non-severe, specifying that the plaintiff had no limitations in interacting with others and adapting or managing herself, and only mild limitations in understanding, remembering or applying information, and concentrating, persisting or maintaining pace (Tr. 129, 145). See 20 C.F.R. 404.1520(c). Notably, neither psychologist indicated that the record was insufficient to make a determination.

Finally, the law judge found that the plaintiff's "vigorous" activities of daily living were inconsistent with mental dysfunction (Tr. 68; see Tr. 67, 70). The plaintiff does not even acknowledge this important aspect of the law judge's analysis. See Buckwalter v. Acting Commissioner of Social Security, ___ F.4th ___; 2021 WL 3355160 at *6 (11th Cir. 2021) (citation omitted) (The plaintiff's activities of daily living are relevant to determining the plaintiff's abilities in the four broad areas of mental functioning.); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005). In Buckwalter, the Eleventh Circuit agreed that the plaintiff's activities, such as the ability to do personal care, shop, drive and assist her family with household chores "evidenced an ability to maintain a routine and initiate regular tasks." 2021 WL 3355160 at *6.

Here, the plaintiff arguably engaged in a greater variety of tasks than in Buckwalter. Thus, the plaintiff stated in a Function Report that she

11

had no problem with personal care, and that a regular week involved part-time work in her own hairdressing business, shopping, cleaning, laundry, watching television and sitting outside on her patio (Tr. 272–74). She visits with family two or three times weekly, uses Facebook to encourage others, and her hobbies are journaling and playing with her grandchildren (Tr. 275; see also Tr. 430 (plaintiff told Dr. Owi that she can "[s]it for hours to write or watch TV")). The plaintiff also drives a car and can pay bills, count change, and use a savings account and checkbook (Tr. 274).

In sum, the record contained ample evidence for the law judge to make an informed decision as to the plaintiff's mental functioning. Accordingly, the ALJ was not required to order a consultative psychological examination due to a lack of evidence. See Ingram v. Commissioner of Social Security Administration, supra, 496 F.3d at 1269.

The plaintiff argues that the law judge's "reliance upon Dr. Owi, the LoCicero Medical Group, as well as the non-treating, non-examining State agency psychological consultants" was insufficient to determine the severity of the plaintiff's mental impairments because

> [Dr. Owi] is not a Mental Health specialist and, in the course of her physical examination, gave a one and a half line psychological assessment .... Similarly, the assessment at the LoCicero Group

12

> was conducted by an ARNP in Internal Medicine
> ... and consisted of a two line note.

(Doc. 18, p. 8). This contention is meritless, as the probity of a mental status examination is not based upon the number of lines it fills on a treatment note. Here, there are several mental status examinations that address multiple areas of the plaintiff's mental functioning (see supra, pp. 9–10) and the plaintiff does not identify any pertinent aspect of her mental functioning that was not assessed. Furthermore, the plaintiff does not identify any legal authority that mental status examination findings are invalid if they are not made by a psychologist. And, as the Commissioner notes, the plaintiff "do[es] not refute the veracity of the underlying [mental status] findings recorded in the medical records and noted by the ALJ" (Doc. 19, p. 9). Therefore, these contentions fail.

The plaintiff also argues that her medically determinable impairments of depression and anxiety "trigger[ed] ... [a] statutory duty to obtain a consultative psychological or psychiatric examination as set forth in 42 U.S.C. §421(h)" (Doc. 18, p. 9). Specifically, she contends (id.):

> [T]he Social Security Act provides that "in any case where there is evidence which indicates the existence of a mental impairment" the Commissioner "may determine that the claimant is not under a disability" only if she has made "every reasonable effort" to obtain the opinion "of a

13

qualified psychiatrist or psychologist." <u>McCall</u> v. <u>Bowen</u>, 846 F.2d 1317, 1320 (11th Cir. 1988) <u>citing</u> 42 U.S.C. §421(h).

This contention fails because the plaintiff misapprehends the applicability

of §421(h) to this circumstance.  Section 421(h) states:

> An <u>initial</u> <u>determination</u> under subsection (a), (c), (g), or (i) shall not be made until the Commissioner of Social Security has made every reasonable effort to ensure ... in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment...

(emphasis added).  Thus, this subsection does not apply at the hearing level.

Furthermore, the Eleventh Circuit clarified in <u>Sneed</u> v.

<u>Barnhart</u>, 214 Fed. Appx. 883, 886 (11th Cir. 2006) that §421(h) does not

apply to cases before a law judge.  It reasoned:

> The Third Circuit has held that the normal requirement to order a psychiatric consult pursuant to § 421(h) does not apply to cases falling under the limited exception found in § 421(d), or cases heard by an ALJ. <u>Plummer</u> v. <u>Apfel</u>, 186 F.3d 422, 433 (3d Cir. 1999) (holding that § 421(h) consultation requirement applies only to cases falling under § 421(a), (c), (g), (i) at the initial and reconsideration levels). <u>In such cases, an ALJ has regulatory flexibility to evaluate mental impairments to determine their severity.</u> <u>Id.</u>; <u>see also</u> 20 C.F.R. § 404.1520a (evaluation of mental impairments).

14

(emphasis added). In other words, "[t]he ALJ is under no obligation to seek independent, additional expert medical testimony before concluding that an impairment is not severe." Id., citing Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). Therefore, the ALJ did not err by failing to obtain a psychological examination of the plaintiff under §421(h) prior to determining that her mental impairments were non-severe.

Finally, as the Commissioner points out, in order to justify a remand on the basis of a due process violation, the plaintiff must demonstrate that she was prejudiced by the law judge's purported failure to develop the record. See Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). A failure to develop the record does not warrant a remand unless the plaintiff demonstrates evidentiary gaps in the record which result in "unfairness or clear prejudice." Id. This requires the plaintiff to identify "what facts could have been submitted ... that would have changed the outcome." Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991).

The plaintiff fails to establish prejudice because it is pure speculation that a consultative examination would support the plaintiff's allegations of greater mental functional limitations. Cf. Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985) (There is no prejudice when the

assertion that the plaintiff would have benefitted from a more extensive hearing was speculative.). Thus, the plaintiff does not even suggest a mental limitation that was omitted from the residual functional capacity due to a failure to develop the record, much less show how the findings of a current consultative mental examination would relate back to the date of the decision, which was more than two years ago. See Edwards v. Sullivan, supra, 937 F.2d at 586; Townsend v. Commissioner of Social Security, 555 Fed Appx. 888, 891–92 (11th Cir. 2014) (No prejudice was shown because the claimant did not suggest what more the law judge may have learned from the additional evidence.).

It is, therefore, upon consideration,

ORDERED:

That the Commissioner's decision is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 23ʳᵈ day of August, 2020.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

16